Timothy Ian Crawley (OSB No. 122546)
CRAWLEY LLP
P.O. Box 8931
Portland, OR 97207
Tel: (503) 953-6858
Fax: (503) 300-2760
tcrawley@crawleyllp.com

*Local Counsel for Defendants Riley McCormack,
Charles Beck, Lashonda Anderson-Williams,
Sheila Cheston, Sandeep Dadlani, Katie Kool,
Dana Mcilwain, Michael Park, and
Nominal Defendant Digimarc Corporation*

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ANTHONY FRANCHI, Derivatively on Behalf of DIGIMARC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>RILEY MCCORMACK, CHARLES BECK, LASHONDA ANDERSON-WILLIAMS, SHEILA CHESTON, SANDEEP DADLANI, KATIE KOOL, DANA MCILWAIN, and MICHAEL PARK,<br><br>Defendants.<br><br>-and-<br><br>DIGIMARC CORPORATION,<br><br>Nominal Defendant. | Case No.: 3:25-cv-01543-AN<br><br>**JOINT STIPULATION AND ORDER STAYING DERIVATIVE ACTION** |

Page 1 – Joint Stipulation and Order Staying Derivative Action

Plaintiff Anthony Franchi ("Plaintiff"), nominal defendant Digimarc Corporation ("Digimarc"), and defendants Riley McCormack, Charles Beck, Lashonda Anderson-Williams, Sheila Cheston, Sandeep Dadlani, Katie Kool, Dana Mcilwain, and Michael Park ("Defendants" and, collectively, the "Parties") jointly submit this stipulation ("Stipulation") to temporarily stay the above-captioned action ("Derivative Action"), and in support thereof state the below. Pursuant to L.R. 7-1(a), all Parties have conferred and join in the Stipulation.

WHEREAS, on August 29, 2025, Plaintiff filed a Verified Stockholder Derivative Complaint;

WHEREAS, on September 2, 2025, Plaintiff filed an Amended Verified Stockholder Derivative Complaint to correct a scrivener's error in the Verified Stockholder Derivative Complaint;

WHEREAS, pending in the United States District Court for the District of Oregon is a prior-filed putative securities class actions captioned, *Ullom v. Digimarc Corporation et al.*, Case No. 3:25-cv-00779-JR (the "Securities Action");

WHEREAS, there is overlap between the facts and circumstances alleged in the Derivative Action and the Securities Action;

WHEREAS, on September 11, 2025, the court in the Securities Action ordered the following schedule: amended complaint due by November 26, 2025; defendants' answers or other responsive pleadings to amended complaint due by February 9, 2026; plaintiff's response to any motion to dismiss, if filed, due by April 27, 2026; and defendants' reply to response to any motion to dismiss, if filed, due by May 27, 2026;

WHEREAS, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" in the Securities Action;

WHEREAS, the Parties agree that the resolution of the anticipated motion(s) to dismiss in the Securities Action may help inform the manner in which the Derivative Action proceeds;

WHEREAS, in an effort to proceed in the most efficient manner, the Parties agree that the Derivative Action should be temporarily stayed until the resolution of any and all motion(s) to dismiss in the Securities Action;

IT IS HEREBY STIPULATED AND AGREED among the undersigned parties, subject to the Court's approval, as follows:

1. The Derivative Action, including but not limited to all motion practice, obligations to respond to the operative complaint, and all discovery and disclosure obligations under the applicable local and federal rules, is hereby stayed until fourteen (14) days after the resolution of any motion to dismiss the Securities Action and the exhaustion of any appeal(s) therefrom;

2. During the stay, Plaintiff may file an amended complaint, but Defendants need not answer, move, or otherwise respond thereto during the pendency of the stay;

3. During the stay, Defendants shall promptly notify Plaintiff, through his undersigned counsel, of any derivative action(s) based on the same or similar set of facts as those alleged in the Derivative Action ("Related Derivative Action") and any books-and-records inspection demands pursuant to Or. Rev. Stat. § 60.774 and litigation demands based on factual allegations substantially the same as those in the Derivative Action;

4. During the stay, Defendants shall promptly notify Plaintiff, through his undersigned counsel, if any Related Derivative Action is not stayed for a similar or longer duration than the stay of the Derivative Action;

5. Notwithstanding any other provision herein, either of the Parties have the option to terminate this stay (a) upon agreement of the Parties or (b) by giving fourteen (14) days' notice in writing via email to the undersigned counsel for the Parties if any Related Derivative Action is not stayed for the same or longer duration and under similar terms;

6. During the stay, if Defendants produce documents in the Securities Action or in a Related Derivative Action or if Digimarc produces books and records to any Digimarc stockholder in connection with a books and records inspection demand pursuant to Or. Rev. Stat. § 60.774 based on factual allegations substantially the same as those in the Derivative Action, Defendants shall also promptly produce those documents to Plaintiff, subject to a reasonable confidentiality agreement or protective order that states that Plaintiff cannot use the documents produced by Defendants for any other purpose than the Derivative Action;

7. During the stay, Defendants shall promptly inform Plaintiff upon the scheduling of any mediation that may be held in the Securities Action and shall make a good faith effort to include Plaintiff in any such mediation. If the plaintiffs in the Securities Action object to including Plaintiff in any such mediation, Defendants shall mediate with Plaintiff at or about the same time separately.

8. Defendants shall inform Plaintiff promptly upon the scheduling of any mediation with any other plaintiffs in a Related Derivative Action and shall include Plaintiff in any such mediation;

9. By entering into this stay, the Parties do not waive any, and expressly preserve all, claims and defenses, except as to the sufficiency of service of process; and

10. If and when the stay of proceedings is lifted, the Parties shall, within thirty (30) days, meet and confer and submit a proposed scheduling order governing further proceedings in the Derivative Action, including the date by which Defendants must answer or otherwise plead.

Dated: September 29, 2025

Respectfully Submitted,

| *Christopher J. Kayser* | *Timothy Ian Crawley* |
|---|---|
| Christopher J. Kayser (OSB 984244)<br>LARKINS VACURA KAYSER LLP<br>121 SW Morrison St, Suite 700<br>Portland, Oregon 97204<br>Tel: (503) 222-4424<br>Cjkayser@lvklaw.com<br><br>*Local Counsel for Plaintiff Anthony Franchi* | Timothy Ian Crawley (OSB No. 122546)<br>CRAWLEY LLP<br>P.O. Box 8931<br>Portland, OR 97207<br>Tel: (503) 953-6858<br>Fax: (503) 300-2760<br>tcrawley@crawleyllp.com<br><br>*Local Counsel for Defendants Riley McCormack, Charles Beck, Lashonda Anderson-Williams, Sheila Cheston, Sandeep Dadlani, Katie Kool, Dana Mcilwain, Michael Park, and Nominal Defendant Digimarc Corporation* |

| *Gregory M. Nespole* | *Michael G. Bongiorno* |
|---|---|
| Gregory M. Nespole (*pro hac vice*)<br>Correy A. Suk (*pro hac vice*)<br>Daniel Tepper (*pro hac vice*)<br>LEVI & KORSINSKY, LLP<br>33 Whitehall Street, 27th Floor<br>New York, NY 10004<br>Tel: (212) 363-7500<br>gnespole@zlk.com<br>csuk@zlk.com<br>dtepper@zlk.com<br><br>*Counsel for Plaintiff Anthony Franchi* | Michael G. Bongiorno (*pro hac vice*)<br>Timothy Perla (*pro hac vice*)<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Tel: (212) 937-7220<br>Fax: (617) 526-5000<br>michael.bongiorno@wilmerhale.com<br>timothy.perla@wilmmerhale.com<br><br>Jessica Lewis (*pro hac vice*)<br>2600 El Camino Real<br>Suite 400<br>Palo Alto, CA 94306<br>Tel: (650) 600-5186<br>Fax: (650) 858-6100<br>jessica.lewis@wilmerhale.com<br><br>*Counsel for Defendants Riley McCormack, Charles Beck, Lashonda Anderson-Williams, Sheila Cheston, Sandeep Dadlani, Katie Kool, Dana Mcilwain, Michael Park, and Nominal Defendant Digimarc Corporation* |

PURSUANT TO STIPULATION, IT IS SO ORDERED

Dated: 10/2/2025

_____
Hon. Adrienne Nelson
United States District Judge

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Joint Stipulation and [Proposed] Order.  Pursuant to L.R.11-1(b)(2) regarding signatures, I, Timothy Ian Crawley, attest that concurrence in the filing of this document has been obtained.

*/s/ Timothy Ian Crawley*
Timothy Ian Crawley

**CERTIFICATE OF SERVICE**

I, Timothy Ian Crawley, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 29th day of September, 2025.

*/s/ Timothy Ian Crawley*
Timothy Ian Crawley